

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INDIA J. STINES-BANKS, ) <br> ) <br> Plaintiff, ) <br> ) Case No. 11-cv-1215 <br> v. ) <br> ) Judge John W. Darrah <br> PATRICK R. DONAHOE, ) <br> Postmaster General, United States ) <br> Postal Service, ) <br> ) <br> Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff India J. Stines-Banks is a former employee of the United States Postal Service. She brought this action against Defendant Patrick R. Donahoe, Postmaster General, alleging unlawful discrimination and retaliation under various federal statutes, as well as breach of contract. Defendant moved for summary judgment on each of Plaintiff's discrimination and retaliation claims and for dismissal of Plaintiff's claim for breach of contract.

## BACKGROUND

Local Rule 56.1(a)(3) requires the party moving for summary judgment to provide "a statement of material facts as to which the moving party contends there is no genuine issue." Rule 56.1(b)(3) then requires the non-moving party to admit or deny each factual statement proffered by the moving party and to concisely designate any additional material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). A litigant's failure to dispute the facts set forth in its opponent's statement in the manner dictated by Local

Rule 56.1 results in those facts' being deemed admitted for purposes of summary judgment. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

Defendant filed a Statement of Facts, pursuant to Local Rule 56.1. Plaintiff did not file a response. As a result, each of Defendant's statements of fact is deemed admitted for purposes of summary judgment. Although Plaintiff did file a Statement of Additional Facts, she failed to cite any support for the factual assertions cited therein.[1] Accordingly, those facts are disregarded, and the following facts are taken from Defendant's Statement of Facts only.

On August 8, 2005, Plaintiff began her employment with the Postal Service as a mail carrier at the Mount Prospect Post Office. (Def. SOF ¶ 1.) During the entire time Plaintiff was employed as a postal carrier, she was a member of the bargaining unit represented by the National Association of Letter Carriers. (Def. SOF ¶ 2.)

Plaintiff alleges that in May 2008, she requested time off for complications related to her pregnancy, that her request was denied, and that she was suspended for taking the time off. (Def. SOF ¶ 3.) Then, over the course of three months, Plaintiff was issued three "letters of removal."[2] The first was issued on November 12, 2009, for failure

---

[1] Plaintiff also makes various factual assertions throughout her brief that are not supported by any statement of undisputed material facts as required by the Local Rules. Those assertions are not considered in ruling on Defendant's Motion for Summary Judgment. The Seventh Circuit has "emphasized the importance of local rules and ha[s] consistently and repeatedly upheld a district court's discretion to require strict compliance with the local rules." *Koszola v. Bd. of Educ.*, 385 F.3d 1104, 1109 (7th Cir. 2004) (citation and internal quotation marks omitted) (holding that district court did not abuse discretion in refusing to consider facts asserted outside of the parties' Rule 56.1(a) statements).

[2] Neither party explains what, exactly, a "letter of removal" is.

to properly secure her assigned postal vehicle. (Def. SOF ¶ 4.) The second was issued on January 9, 2010, for failure to perform her duties in a safe manner. (Def. SOF ¶ 5.) The third was issued on February 1, 2010, for improper conduct or giving false and misleading statements during an investigation and for improper use of the voyager card.[3] (Def. SOF ¶ 6.)

On February 9, 2010, Plaintiff was issued a "last chance settlement agreement," which was a grievance settlement to her letter of removal dated November 12, 2009. (Def. SOF ¶ 7.) She signed the settlement agreement on February 18, 2010. (Def. SOF ¶ 7.) On March 8, 2010, Plaintiff was removed from her position with the Postal Service. (Def. SOF ¶ 8.)

Plaintiff contacted the Postal Service Equal Employment Opportunity ("EEO") Office via telephone on February 8, 2010. (Def. SOF ¶ 10.) On February 13, 2010, she signed for receipt of a publication entitled, "What You Need To Know About EEO," which states as follows:

Filing a Formal EEO Complaint in a Timely Manner

\* \* \*

To be timely, you must mail your formal EEO complaint to the National Equal Employment Opportunity Investigative Services Office (NEEOIOSO) postmarked no later than 15 calendar days after you receive PS Form 2579, *Notice of Right to File*.

(Def. SOF ¶ 13.)

On February 17, 2010, she completed an Information for Pre-Complaint Counseling, PS Form 2564-A ("Pre-Complaint Form"), alleging discriminatory

---

[3] Neither party explains what a "voyager card" is.

3

harassment based on race, sex, and retaliation. (Def. SOF ¶ 11.) She indicated on her Pre-Complaint Form that Shanita Golden (her current counsel) was authorized to represent her in her EEO matter. (Def. SOF ¶ 12.)

On May 7, 2010, EEO Alternative Dispute Resolution Specialist Julie Rodriquez mailed a letter regarding Plaintiff's notice of her right to file a formal complaint of discrimination to both Plaintiff and to Golden via certified mail ("Notice Letter"). (Def. SOF ¶ 14.) The letter informed Plaintiff: "If you file a formal complaint, you have 15 days from the date of receipt of this letter to file a timely formal complaint. Your complaint could be subject to dismissal in accordance with 29 CFR § 1614.107 if not filed within the 15 day time limit." (Def. SOF ¶ 15.)

Additionally, the "Notice of Right to File Individual Complaint" form enclosed with the letter provides as follows:

> If the matters you raised during the pre-complaint processing stage have not been resolved, you have the right to file a formal complaint within 15 calendar days of the date you received this notice. . . . Your complaint will be deemed timely filed if it is received at this address before the expiration of the 15-day filing period, or if it bears a postmark that is dated before the expiration of the filing period. In the absence of a legible postmark, it must be received by mail within 5 calendar days of the expiration of the filing period.

(Def. SOF ¶ 16.)

Golden signed for receipt of her copy of the Notice Letter on May 10, 2010. (Def. SOF ¶ 17.) Plaintiff signed for receipt of her copy on May 11, 2010. (Def. SOF ¶ 18.)

On May 26, 2010, Plaintiff filed an EEO Complaint of Discrimination in the Postal Service, PS Form 2565 ("Administrative Complaint"), alleging discrimination on

4

the basis of race, sex, retaliation, and disability. (Def. SOF ¶ 19.) She alleged six violations of her rights: (1) the denial of her request for time off to deal with pregnancy complications and her subsequent suspension in May 2008; (2) her letter of removal dated November 12, 2009; (3) her letter of removal dated January 9, 2010; (4) her letter of removal dated February 1, 2010, and concurrent placement on off-duty status with pay; (5) the issuance of a last-chance settlement agreement on February 12, 2010; and (6) her ultimate removal on March 8, 2010. (Def. SOF ¶ 19.) The date of filing of a formal administrative complaint is the date of the postmarked envelope – in this case, May 26, 2010. (Def. SOF ¶ 20.)

On June 15, 2010, the Postal Service notified Plaintiff and her attorney that Plaintiff's Administrative Complaint was dismissed as untimely because it was not filed within 15 days of Golden's receipt of the Notice Letter. (Def. SOF ¶ 21.) The Postal Service also stated that Plaintiff's claims regarding conduct that allegedly occurred in May 2008 and November 2009 were untimely because Plaintiff failed to contact the EEO Office within 45 days of the alleged acts and that her claim regarding the last-chance settlement agreement was an improper collateral attack on the grievance process. (Def. SOF ¶ 21.) Plaintiff appealed the dismissal of her formal complaint to the Equal Employment Opportunity Commission Office of Federal Operations ("OFO"). (Def. SOF ¶ 22.) On November 19, 2010, the OFO dismissed her appeal. (Def. SOF ¶ 22.)

Mandatory posters, including Poster 72, "Equal Employment Opportunity Is The Law," are prominently displayed throughout the Mount Prospect Post Office where

Plaintiff worked since at least November 2004. (Def. SOF ¶ 23.) Poster 72 states that concerns regarding discrimination must be brought to the attention of the EEO Office "[w]ithin 45 calendar days of the date of the alleged discriminatory act; within 45 calendar days of the date you knew or reasonably should have known about the discrimination; or if a personnel action is involved, within 45 calendar days of its effective date." (Def. SOF ¶ 24.)

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying the evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). If the moving party meets this burden, the nonmoving party cannot rest on conclusory pleadings but "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596 (7th Cir. 1995) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986)). A mere scintilla of evidence is not sufficient to oppose a motion for summary judgment; nor is a metaphysical doubt as to the material facts. *Robin v. Espo Eng. Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000) (citations omitted). Rather, the evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625

(7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (*Anderson*)).

In considering a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005) (citing *Anderson*, 477 U.S. at 255). The court does not make credibility determinations or weigh conflicting evidence. *Id.*

## ANALYSIS

Exhaustion of administrative remedies is a prerequisite to filing a claim of harassment or discrimination against a governmental agency. *See Lapka v. Chertoff*, 517 F.3d 974, 981 (7th Cir. 2008) (Title VII); *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) (Rehabilitation Act). EEO regulations require federal employees to consult an EEO counselor and attempt informal resolution of discrimination claims. *See* 29 C.F.R. § 1614.105(a). For matters that are not resolved through informal procedures, the EEO counselor must inform the employee in writing of her right to file a discrimination complaint. 29 C.F.R. § 1614.105(d). "The notice shall inform the complainant of the right to file a discrimination complaint within 15 days of receipt of the notice, of the appropriate official with whom to file a complaint and of the complainant's duty to assure that the agency is informed immediately if the complainant retains counsel or a representative." *Id.* A complaint must be filed within 15 days of receiving that notice. 29 C.F.R. § 1614.106(b).

7

Here, Plaintiff's complaint was filed 15 days after she *personally* received the notice, but 16 days after the notice was received by the attorney listed on her Pre-Complaint Form. When a complainant is represented by an attorney, EEO regulations provide that deadlines are computed from the date the correspondence is received by the attorney, not the complainant:

> Unless the complainant states otherwise in writing, after the agency has received written notice of the name, address and telephone number of a representative for the complainant, all official correspondence shall be with the representative with copies to the complainant. When the complainant designates an attorney as representative, service of all official correspondence shall be made on the attorney and the complainant, but time frames for receipt of materials shall be computed from the time of receipt by the attorney. The complainant must serve all official correspondence on the designated representative of the agency.

29 C.F.R. § 1614.605(d).

As explained above, on May 7, 2010, EEO ADR specialist Rodriquez wrote a letter to Plaintiff, notifying her of her right to file a complaint, and sent two copies of that letter via certified mail: one to Plaintiff and one to Plaintiff's attorney. Plaintiff's attorney confirmed receipt on May 10, 2010; Plaintiff confirmed receipt on May 11, 2010. The Administrative Complaint in response to Rodriguez's letter was postmarked – and deemed filed – May 26, 2010. Thus, it was filed one day after the 15-day deadline, as computed from the date on which Plaintiff's attorney received the Notice Letter. Had the deadline been computed from Plaintiff's receipt of the Notice Letter, her Administrative Complaint would have been considered timely.

Rodriguez's letter was written to Plaintiff, not to her attorney, and informed Plaintiff of her filing deadline as follows:

> If you opt to file a formal complaint, you have 15 days from the date of receipt of this letter to file a timely formal complaint. Your complaint could be subject to dismissal in accordance with 29 CFR Part 1614.107 if not filed within the 15 day time limit.

(Ex. C to Decl. of Julie Rodriguez, at p.2.)

Similarly, the "What you Need to Know About EEO" publication Plaintiff received does not mention that the filing deadline is tied to the attorney's receipt of a notice of right to file. It states:

> To be timely, you must mail your formal EEO complaint to the National Equal Employment Opportunity Investigative Services Office (NEEOISO) postmarked no later than 15 calendar days after you receive PS Form 2579, *Notice of Right to File*.

(Ex. B. to Decl. of Julie Rodriguez, at p. 10.)

There is no showing that Plaintiff was in any way aware of the provisions of 29 C.F.R. § 1614.605(d), regarding computation of time requirements for complainants who have retained an attorney. Rather, Plaintiff received a letter – directed to her, personally – setting out Plaintiff's filing obligations. She complied with those instructions and filed her Administrative Complaint in a timely manner as specifically directed by the EEO specialist and the EEO publication provided to her.

Moreover, if Plaintiff's Administrative Complaint was deemed to have been filed a day late as computed from the date the Notice Letter was received by her attorney, Plaintiff asserts that the 15-day deadline should be equitably tolled. The doctrine of equitable tolling does not excuse a complete failure to exhaust administrative remedies, but it can allow a court to hear a case on the merits when a plaintiff did exhaust those remedies, but failed to do so in a timely fashion. *Douglas v. Potter*, 268 Fed. Appx. 468,

471 (7th Cir. 2008). In this case, it was reasonable, based on the information provided in direct correspondence with Plaintiff by the EEO Office, for Plaintiff to file her complaint on May 26 (fifteen days after *she* received notice of her right to file). By failing to compute her deadline based on her attorney's receipt of that correspondence, she was a day late under section 1614.605(d), a regulation not mentioned in the letter informing her of her rights. However, she did comply with the instructions provided in the EEO publication and the letter from Rodriguez. Therefore, even if mailing of the Administrative Complaint were found to be untimely based on the date the Notice Letter was received by Plaintiff's attorney, principles of equity warrant excusing Plaintiff's one-day delay in this particular case. Accordingly, Defendant's Motion for Summary Judgment is denied as to Counts I, II, and III to the extent the Motion is based on Plaintiff's technical failure to comply with the 15-day deadline for filing her formal Administrative Complaint.

But Plaintiff has another issue regarding timing. EEO regulations provide that the pre-complaint procedures must be initiated "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1).

Plaintiff alleges six discrete discriminatory acts in her Complaint, all of which also were listed in her Administrative Complaint: (1) in May 2008, she was denied time off and later suspended for missing work due to pregnancy complications; (2) on November 12, 2009, she was issued a letter of removal for failure to properly secure her assigned postal vehicle; (3) on January 9, 2010, she was issued a letter of removal for

failure to perform her duties in a safe manner; (4) on February 1, 2010, she was issued a notice of removal for improper conduct/giving false and misleading statements during an investigation and for improper use of her voyager card; (5) on February 9, 2010, she was issued a last-chance settlement agreement; and (6) on March 8, 2010, she was removed from employment with the Postal Service. (*See* Compl. ¶¶ 13-20; SOF ¶ 19.) It is undisputed that she did not contact the EEO department of the Postal Service until February 8, 2010. Therefore, any claims related to her denial of time off and suspension for taking time off (May 2008), or her reprimand for failing to secure her vehicle (November 12, 2009) were not raised within 45 days of those events and are thus untimely.

Plaintiff argues that her failure to comply with that deadline should be excused. The EEO regulations provide that the 45-day deadline should be extended in certain circumstances: when the employee shows she was not notified of the limits or was otherwise unaware of them; when she did not know and reasonably should not have known that the discriminatory act occurred; when despite due diligence, she was prevented from contacting an EEO counselor; or for other reasons considered sufficient by the Postal Service or the EEOC. 29 C.F.R. § 1614.105(b).

None of these exceptions apply in this case. Regarding notice, the undisputed facts show that posters stating the 45-day time limit are prominently displayed throughout the facility in which Plaintiff worked, including at the time clock at which Plaintiff had to punch in and out every workday. *Contra Johnson v. Runyon*, 47 F.3d 911, 919-20 (7th Cir. 1995) (holding that posters displayed in facilities where plaintiff did not work

11

but only picked up a job application, submitted to a drug test, and attended orientation did not provide constructive notice of 45-day time limit).

Regarding Plaintiff's knowledge of the facts giving rise to her claims, there is no dispute that Plaintiff knew her request for time off was denied, that she was suspended, and that she received a letter of removal for failing to secure her work vehicle. Plaintiff argues that she did know the acts were discriminatory until February 1, 2010, when she was removed from duty for improper conduct. That, apparently, was the moment she became aware that the true reason for Defendant's earlier actions were based on Plaintiff's membership in various protected classes. Plaintiff asserts that it was all a continuing pattern of wrongful discrimination. The continuing-violation doctrine, however, does not apply to "discrete acts of discrimination that can be pinpointed to a particular day." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110-14 (2002). The acts of which Plaintiff complains were discrete acts, and Plaintiff was aware of all facts necessary to raise the issue with a counselor. Moreover, the point at which a plaintiff has knowledge of facts necessary to bring a charge of discrimination is not subjective; the deadline should be tolled only up to the point when facts that would support a charge of discrimination "were apparent or should have been apparent to a person with a reasonably prudent regard for his rights similarly situated to the plaintiff." *Wolfolk v. Rivera*, 729 F.2d 1114, 1117 (7th Cir. 1984). Plaintiff has not identified any evidence to support a claim that she was unaware of any circumstances related to her discipline in May 2008 and November 2009.

Regarding any obstacles to Plaintiff's being able to contact an EEO counselor, there are none. As discussed above, she was aware of all of the facts surrounding the acts she now claims to be discriminatory and yet did not exercise reasonable diligence in bringing her complaints to an EEO counselor. Instead, she did nothing. Lastly, Plaintiff has provided no reason to apply the final, catch-all exception, which merely provides that the Postal Service or the EEOC can extend the time limit for other reasons they deem sufficient. Here, they found no such reason.

Because Plaintiff failed to initiate contact with an EEO counselor within 45 days of the events allegedly occurring in May 2008 and November 2009, she is barred from pursuing those claims in this Court. Summary Judgment is awarded in Defendant's favor on Counts I, II, and III to the extent those claims are based on any acts that occurred more than 45 days prior to the date on which Plaintiff first contacted an EEO counselor.

In Count IV, Plaintiff claims that Defendant breached her last-chance settlement agreement by terminating her employment, despite her compliance with the terms of the agreement. Defendant argues that this Court lacks subject-matter jurisdiction over the claim.

Plaintiff's only allegation regarding subject-matter jurisdiction over her claims (including her breach-of-contract claim) is as follows:

> This Court has jurisdiction over the subject matter of this complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et. seq.* ("Title VII"); Rehabilitation Act, 29 U.S.C. § 701 *et. seq.* ("Rehabilitation Act"); Pregnancy Discrimination Act as further amended by the Civil Rights Act of 1991 ("Pregnancy Act"); and 28 U.S.C. § 1331 and 1343.

(Compl. ¶ 1.)

None of the above discrimination statutes identified by Plaintiff provide an independent jurisdictional basis for claims based on a breach of a settlement agreement, nor do the cited jurisdictional statutes provide any such basis. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1343 provides that district courts shall have original jurisdiction over civil actions related to the violations of civil rights. *See* 28 U.S.C. § 1343. Although § 1339 (not mentioned by Plaintiff) provides that "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to the postal service," Plaintiff has not alleged or shown that her breach-of-contract claim arises under any federal law.

Plaintiff nonetheless maintains that "this court has subject matter jurisdiction to hear this Breach of Contract claim because the Plaintiff falls within one of the permitted exceptions to the exhaustion requirement." (Pl. Resp. 15.) Her argument, which relies on *Roman v. United States Postal Service*, 821 F.2d 382 (7th Cir. 1987) (*Roman*), is misplaced.

In *Roman*, the district court and the court of appeals determined that the plaintiff's claim was a postal labor claim under 39 U.S.C. § 1208(b), which grants to district courts subject-matter jurisdiction over "[s]uits for violations of contracts between the Postal Service and a labor organization representing Postal Service employees." Because the district court had jurisdiction over the subject matter of the plaintiff's claims, the Seventh Circuit held that the Postal Service's motion to dismiss should have been considered under Rule 12(b)(6) – rather than Rule 12(b)(1). *Roman*, 821 F.2d at 384.

And because "Congress has expressly authorized the adoption of final and binding grievance provisions in the Postal Service collective bargaining agreements," the Seventh Circuit held that the plaintiff's due-process claim was necessarily one for breach of the collective-bargaining agreement and that any due-process protections to which he was entitled was limited to those provided in that agreement. *Id.* at 386 (quoting *Ellis v. U.S. Postal Serv.*, 784 F.2d 835, 839-40 (7th Cir. 1986). The court then affirmed the district court's determination that the plaintiff was required to attempt to exhaust his contractual remedies under § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a). *Id.* After discussing various exceptions to the exhaustion requirement, the court held that none applied in the case before it. *Id.* at 388-89.

Here, Plaintiff does not cite 39 U.S.C. § 1208(b) in her complaint and does not claim a violation of a contract between the Postal Service and her labor union. Contrary to her position, the exceptions to the exhaustion requirement for such claims do not provide a basis for subject-matter jurisdiction, they provide a means of rebutting a failure-to-exhaust defense to claims that are otherwise properly before the Court. Plaintiff's Complaint contains no jurisdictional basis for this Court to hear a claim that her employer, the United States Postal Service, breached a settlement agreement with Plaintiff. Accordingly, Count IV is dismissed.

## CONCLUSION

For the reasons stated above, summary judgment is granted in favor of Defendant on Counts I, II, and III to the extent those claims are based on any acts that occurred more than 45 days prior to the date on which Plaintiff first contacted an EEO counselor; and

Count IV is dismissed for lack of subject-matter jurisdiction. Defendant's Motion for Summary Judgment is otherwise denied.

Date: September 20, 2011

JOHN W. DARRAH
United States District Court Judge